ELI HENDERSON, appellant, *v.* DAVID WELCH, appellee.

## *Appeal from McHenry.*

The equitable assignee of a chose in action may sue upon it in the name of the party having the legal title; but he is bound to indemnify such party against the payment of costs.

A suit was brought in the name of A. for the use of B. against C. and D. C. only was served with process, and the suit being dismissed, judgment was rendered for costs in favor of C. which A. paid. A. sued B. in *assumpsit* for money paid. On the trial, a fee bill was introduced and an execution against A. for the costs adjudged C. and D. both returned satisfied. A. then proved by the Sheriff that the costs were paid by A. Judgment was accordingly rendered in his favor: *Held,* that the evidence clearly established the fact of his having discharged the liability, though the execution did not technically pursue the judgment.

ASSUMPSIT in the McHenry Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Richard M. Young, without the intervention of a jury, at the November term 1846, when a judgment was rendered

in favor of the plaintiff below for $95·24. The defendant appealed from this judgment.

*A. Lincoln,* for the appellant, argued the case in this Court, and cited 2 Comyn on Cont. 142; 1 U. S. Dig. 281, §325; Ibid. 283, § 251; 12 Mass. 11; 3 Har. & Johns. 57; 9 do. 518; 2 Wend. 481; 1 Greenl. 76; 6 Wend. 284; 2 Starkie's Ev. 58; 8 Johns. 249; 8 Wend. 112.

*I. G. Wilson,* on the same side, filed the following brief:

In an action for money paid, there should appear either 1st, a request, or 2d, a legal compulsion to pay.

Here there was no request shown. Then, does the record show that Welch has been compelled to pay any money for the use of Henderson?

1. The execution relied on by plaintiff below was in favor of Samuel Shaw and Daniel Shaw, and against David Welch. It is to be presumed that the clerk did his duty correctly, and that such a suit as described in the execution existed in the Du Page Circuit Court. Surely this execution contains no evidence of money paid for the use of Henderson. The record introduced by plaintiff below showed a judgment in favor of *Samuel Shaw* v. *David Welch & Eli Henderson.* This judgment does not aid the execution. Both of the the parties are different. Suppose the plaintiff below had introduced an execution in favor of John Doe and Richard Roe against himself, it would certainly be no evidence of money paid by him for the use of Henderson.

2. The plaintiff below failed to introduce with his execution, a bill of the costs. This was necessary in order to have made out his cause. The statute provides, Rev. Stat. 249, § 26, "that none of the above fees (including clerks, sheriffs, &c.) shall be payable until a bill of the same shall have been presented to the person chargeable with the same, stating the particulars of the said bill," &c. The defendant had a right to insist on the production of this bill in order that he might know with what he was charged. The plaintiff below was not compelled to pay without this bill, and if he did make payment it was voluntary, and he cannot, in such case, recover.

*E. E. Harvey*, *I. N. Arnold*, and *A. T. Bledsoe*, for the appellee.

The Opinion of the Court was delivered by

TREAT, J. This suit was commenced in the McHenry Circuit Court by Welch against Henderson. The declaration was for money paid; the plea *non assumpsit*. On the trial before the Court, the plaintiff read in evidence the record of the proceedings had in a cause in the Du Page Circuit Court, in which Welch for the use of Henderson was plaintiff, and Samuel and Daniel Shaw were defendants, showing that Samuel Shaw only was served with process, and that the suit was finally dismissed, and a judgment entered that Samuel Shaw recover of Welch and also Henderson his costs, and that he have execution therefor. He then introduced a fee bill against Welch for the costs made by the plaintiff, amounting to $14·87½; and an execution against Welch for the costs adjudged to Samuel and Daniel Shaw, both of which were returned satisfied. He then proved by the sheriff that the same were paid by Welch. The defendant objected to all of this testimony. The Court found the issue for the plaintiff and assessed his damages at $95·24, the amount of the fee bill and execution, and the interest thereon from the time of payment. The Court overruled a motion for a new trial, and rendered a judgment on the finding. Henderson prosecuted an appeal to this Court.

The equitable assignee of a chose in action may sue upon it in the name of the party having the legal title, but he is bound to indemnify such party against the payment of costs. Here, the former action was in *assumpsit* and no doubt founded on a chose in action, the legal interest in which was vested in Welch. Henderson having the beneficial interest only had to sue in the name of Welch, who thereby became the plaintiff on the record, and as such, liable in the first instance for the costs. The action failing, the whole of the costs were adjudged against him. If he has paid them, he has a clear cause of action against Henderson for so much money paid for his use. The production of the judgment showed the liability of Welch to pay costs incurred for the

benefit of Henderson. The only question is, did the evidence establish the fact that he had discharged the liability. Of this there can be no reasonable doubt. The execution does not technically pursue the judgment, but enough appears on its face to warrant the presumption, that it was issued on the identical judgment. It issued out of the same Court, on a judgment rendered at the same term, and in a case between the same parties. The only discrepancy between the judgment and execution, consists in the recital in the latter, that the costs were adjudged to the Shaws, when in fact the judgment was in favor of but one of them, although both of them were defendants. The variance was not material for the purposes of this case. The execution was only collaterally in question. It was introduced merely to prove the fact of payment, and not as a foundation to uphold rights acquired under it.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*